UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH F.,

       Plaintiff,

   v.

SSA (INTERESTED PARTY / NEF), et al.,

       Defendants.

Case No. 23-cv-01456-KAW

**ORDER TERMINATING 12/9/25 MOTION FOR ATTORNEY'S FEES; GRANTING 12/31/25 MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 23, 27

Plaintiff brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Following the Court's remand of the case for further proceedings, the Commissioner granted Plaintiff's application for benefits, entitling Plaintiff to $157,835.70 in past-due benefits. (Godinho Decl., Exh. B at 3, Dkt. No. 27-1.)

On December 9, 2025, Plaintiff's counsel, Jocelyn Godinho, filed a motion for attorney's fees, seeking an award of $30,258.93 under 42 U.S.C. § 406(b) and $8,287.50 under the Equal Access to Justice Act ("EAJA"). (12/9/25 Mot. for Attorney's Fees at 2, Dkt. No. 23.) On December 23, 2025, Defendant filed its response, stating that while it had no objection to the § 406(b) fees, it opposed the EAJA fee request because it was filed after the statutory deadline. (Def.'s Opp'n, Dkt. No. 25.) On December 31, 2025, Attorney Godinho filed her reply, acknowledging that the EAJA fee request was untimely. (Reply at 2, Dkt. No. 26.) Attorney Godinho stated that she would withdraw the EAJA fee request, and that she would reduce the § 406(b) fee request to $21,971.43 due to her error. (*Id.*) Accordingly, Attorney Godinho filed an amended motion for attorney's fees, seeking $21,971.43 under § 406(b). (12/31/25 Mot. for Attorney's Fees at 2, Dkt. No. 27.) No opposition was filed as to the amended motion for attorney's fees.

The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b).  Having considered the papers filed by the parties and the relevant legal authority, the Court TERMINATES the December 9, 2025 motion for attorney's fees as moot and GRANTS the December 31, 2025 motion for attorney's fees.

## I.    BACKGROUND

On August 28, 2020, Plaintiff applied for Title II benefits.  (Administrative Record ("AR") 208.)  The Social Security Administration ("SSA") denied Plaintiff's application, and on March 28, 2023, Plaintiff commenced an action for judicial review pursuant to 42 U.S.C. § 405(g).  The parties ultimately stipulated to the remand of the case.  (Dkt. Nos. 17, 18.)

On January 26, 2025, Plaintiff was awarded $157,835.70 in past-due benefits.  (Godinho Decl., Exh. B at 3.)  Of this amount, $9,200 was withheld by the SSA for direct payment of attorney's fees.  (Godinho Decl. ¶ 5, Exh. B at 3.)  The $9,200 was received by Attorney Godinho. (Godinho Decl. ¶ 5.)

On December 31, 2025, Attorney Godinho filed the amended motion for attorney's fees, seeking $21,971.43.  (12/31/25 Mot. for Attorney's Fees at 2.)  Combined with the $9,200 already received, Attorney Godinho effectively seeks an attorney's fee award of $31,171.43, or 19.7% of the past-due benefits.  Attorney Godinho's request is based on a contingent fee agreement with Plaintiff that permits Plaintiff's counsel to seek 25% of past-due benefits for work performed before the courts.  (Godinho Decl., Exh. A at 1.)  Plaintiff also provided a declaration stating that they have agreed to pay up to $39,458.93, or 25% of the past-due benefits.  (Joseph F. Decl. ¶ 6, Dkt. No. 27-2.)

## II.    LEGAL STANDARD

42 U.S.C. § 1383(d) governs the payment of representative fees for Supplemental Security Income benefits.  These regulations track those for the award of attorney's fees under 42 U.S.C. § 406.  42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 206 [42 U.S.C. § 406] . . . shall apply to this part").

42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court, which is not to exceed "25 percent of the total of the past-due benefits to which the claimant is

United States District Court
Northern District of California

entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).  When reviewing a motion for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In assessing the reasonableness of the fee agreement, the Court considers "'the character of the representation and the results the representative achieved.'" *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).  Thus, the Court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*  While the Court is not to start with a lodestar analysis, it may use the lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee. *Id.*

### III.   DISCUSSION

Plaintiff signed a contingent fee agreement in which Plaintiff "agree[d] that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded[.]" (Godinho Decl., Exh. A at 1.)  Plaintiff's counsel seeks $21,971.43 through this motion, which when combined with the $9,200 already received, amounts to $31,171.43 or 19.7% of the past-due benefits. (12/31/25 Mot. for Attorney's Fees at 2.)

The Court finds that the amount sought by Plaintiff's counsel is reasonable.  First, the results obtained by Plaintiff's counsel were good, as the parties stipulated to remand the case for further proceedings, resulting in the award of benefits to Plaintiff.  (*See* Dkt. No. 17.)  Second, the record reveals no undue delay or substandard performance that would warrant a downward adjustment.  While the Court was required to issue an order to show cause due to Attorney Godinho's failure to timely file the motion for summary judgment, the motion was ultimately filed approximately one month after the original deadline. (*See* Dkt. Nos. 9, 13.)  A one-month delay does not constitute undue delay nor substandard performance.

Third, the amount sought is consistent with the cap set by Congress in § 406(b) and is not disproportionate to the time spent by Plaintiff's counsel in this action.  Plaintiff's counsel spent 66.3 hours on this case, for an effective rate of $470.16 based on the total $31,171.43 sought.  (See Godinho Decl. ¶ 13.)  This rate is comparable with rates awarded by other courts in this district. *Compare with Goodbar v. Colvin*, Case No. 11-cv-4572-SI, 2015 U.S. Dist. LEXIS 149980, at *4

United States District Court
Northern District of California

United States District Court
Northern District of California

(N.D. Cal. Nov. 2, 2015) (approving effective hourly rate of $772.09); *see also Crawford*, 586 F.3d at 1153 (affirming reasonableness of effectively hourly rates of $519, $875, and $902). Further, the Ninth Circuit has recognized that in assessing reasonableness, the court should not start with the lodestar method because "the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. While the case involves five years of backpay, there is no indication that Attorney Godinho was responsible for the delay. Thus, considering the three *Crawford* factors, the Court finds that the amount sought by Plaintiff's counsel is reasonable.

## IV.    CONCLUSION

For the reasons stated above, the motion for attorney's fees is GRANTED. The Court awards fees in the amount of $21,971.43, or a total of $31,171.43 when combined with the $9,200 already paid to Attorney Godinho.

IT IS SO ORDERED.

Dated: February 26, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge